STATE *against* JOHN CAMPBELL, Esquire.

INDICTMENT against one who had been a Justice of the Peace for a misdemeanor in renewing a writ of execution after his commission had expired, and entering official fees for such renewal on the same.

An indictment cannot be maintained against a Justice of the Peace for maladministration.

The indictment states in substance, that *Campbell* was, by the General Assembly at the *Windsor* sessions, *October*, 1799, legally elected to the office of a Justice of the Peace, within and for the County of *Windham*, and duly commissioned by his excellency the Governor, to hold and exercise said office for the term of one year, to commence and be computed from the first day of *December* then next following the said election, until the same should be fully completed and ended. That he accepted the office, and was duly qualified by taking the necessary oaths.

That during said term, to wit, on the 6th of *June*, 1800, *Samuel Chandler* and *Levi Bigelow*, merchants, trading in company, by the consideration of said Justice of the Peace, recovered judgment against one *Amos Holebrook*, for the sum of 23 dols. 31 cts. damages, and 2 dols. 46 cts. costs. That on the same day the plaintiffs took out their writ of execution, which remained in their hands unsatisfied until the 16th of *December*, 1800, when *Campbell's* commission of Justice of the Peace had expired. That he, with a fraudulent intent to vex, harass, and oppress, &c. and under the colour of his assumed office, *vi et armis* endorsed upon the execution the

following renewal of the writ, and antedated the same, entering his fees thereon.

*Nov.* 29, 1800.

The within writ of execution renewed to run sixty days from the date; all officers to whom directed to take notice, and govern themselves accordingly.

*John Campbell,* Just. Pacis.

Fees, 25 cts.

Which said fraudulent, vexatious, oppressive, antedated renewal of the same writ of execution, and the said *John Campbell's* commanding and directing the sheriff of the County of *Windham,* his deputy, or either constable of *Townshend,* to govern themselves according to the direction in the same fraudulent antedated renewal of the same execution made as aforesaid, and charging as pretended legal fees, and signing his the said *John Campbell's* name as a Justice of the Peace as aforesaid, to the same fraudulent antedated renewal of the same execution as aforesaid, manifestly tends to bring the constitution, laws, and lawful authority of the State of *Vermont* into utter contempt, is to the great injury, loss, vexation and oppression of the said *Amos Holebrook,* is contrary to law, and against the peace and dignity of the State.

To this indictment the defendant demurred.

In support of the demurrer, it was said, that on the expiration of his commission, a Justice of the Peace is not *functus officio* as to all the duties incident to his office. That by the 22d section of the act defining the powers of Justices of the Peace

*Vermont* Stat. vol. 1. c. ix. p. 177.

within this State, he is empowered, after removal <span>State</span> from office, to give attested copies of his records. <span>v. Campbell.</span> That the distinction between such powers as cease with and such as survive the commission, is between such official acts in the magistrate as are *judicial* and such as are merely *ministerial;* as in the case cited from the statute, to certify copies of his record being simply a ministerial act; and the renewal of a writ of execution is not a judicial act, as it does not affect the judgment.

But the principal reliance of the defendant was, that no indictment for mal-administration could be maintained against a Justice of the Peace; but the trial of such mal-administration must be by impeachment before the Governor and Council, as directed in the 24th section of the second chapter of the constitution.

In support of the indictment it was urged, That <span>*Vermont* Stat. vol. 2. c. lxviij. p. 52.</span> the intent of the act of *February* 22d, 1797, " limiting the time of holding the County offices therein mentioned," in directing that all such officers should hold and exercise their offices respectively for one year from the first day of *December* next following their election is manifest. It was to afford time to the Justices of the Peace to receive information, whether re-elected to office or not; that if not they might not be led inadvertently to do any official act after the expiration of their several commissions.

That the 22d section of the act " defining the <span>*Vermont* Stat. vol. 1. p. 177.</span> powers of Justices of the Peace within this State," makes provision for the case stated in the indictment, to wit, where a Justice of the Peace should be removed from office before a writ of execution issued

upon a judgment rendered during his political life, should be satisfied :

" That when any judgment shall have been rendered by any Justice of the Peace on confession or otherwise, and such Justice shall die or be *removed* from office before execution shall have issued thereon, the party recovering such judgment shall have a writ of *scire facias* returnable to the County Court to be holden in the same County in which such judgment was rendered, or to a Justice of the Peace of the same County, if within his cognisance ; and on the return of *scire feci* on such writ, the plaintiff producing to the Court to which such writ is made returnable, a record of the original judgment, or an attested copy of the same, signed by the Justice so removed, or by the clerk of the County Court with whom the same may be lodged, shall recover judgment for such sum as shall appear to be unpaid, with the interest and additional costs, and execution may issue accordingly. That the 24th section of the 2d chapter of the constitution, expressly excepts "*prosecutions at law.*" " Every officer of State, whether judicial or executive, shall be liable to be impeached by the General Assembly, either when in office, or after his resignation or removal for mal-administration. All impeachments shall be before the Governor and Council, who shall hear and determine the same, and may award costs ; *and no trial or impeachment shall be a bar to a prosecution at law.*"

It was replied by the demurrant's counsel,

That the 22d section of the act defining the powers of Justices, &c. only contemplated cases where judgment had been rendered by a Justice of the Peace,

and the Justice had died or been removed from office *before any execution had been issued thereon,* and therefore did not include the case in question.

And that the last clause in the 24th section of the second chapter of the constitution, applied only to civil prosecutions.

State
v.
ⱷ Campbell.

## Opinion of the Court.

*Curia,* after stating the case. It is difficult to discover how the practice of renewing writs of execution by endorsement in the mode set forth in the indictment, was introduced. No statute in force is in favour of the practice, and no repealed act within the recollection of the Court ever authorized it.

A Justice of the Peace, in all cases where the life of the execution expires, and the date of the judgment will allow a new writ, should be careful that the original execution is returned into his office with a suitable return thereon, made by a proper officer, if it has been committed to an officer to serve, which return will contain a regular *non est;* or that, by direction of the plaintiff, he has omitted to make service, or as the case may be; or if it expired in the hands of the party, a minute indicative of the fact should be made on the writ, and noted on the Justice's record; and on the original executions being thus returned, he should issue an *alias* execution, or *pluries,* as the case may require. The Court make this remark for the benefit of the Justices of the Peace, and to correct a very loose practice, which is productive of many evils detri-

The practice of renewing writs of execution by endorsement by Justices of the Peace, is not well founded. A Justice of the Peace, in all cases where the life of an execution expires, and the date of the judgment will allow a new writ, should be careful that the original execution is returned into his office, with a suitable return thereon, made by a proper officer, which return will contain a regular *non est;* or that by direction of the plaintiff he has omitted to make service, or as the case may be, or if it expired in the hands of the party, a minute indicative of the fact should be made on the writ, and noted

on the Justice's record, and on the original executions being thus returned, he should issue an *alias* execution, or *pluries,* as the case may require.

State
v.
Campbell.

mental to the correct dispensation of justice, and incompatible with our judicial system.

The Court are of opinion, that the 22d section of the act defining the powers of Justices of the Peace, &c. includes not only cases where a judgment has been rendered, and no execution has issued at the time of the expiration of the Justice's commission, but comprises all cases where the Justice's commission ceases by his death or removal from office, after the issuing of any execution.

That upon the expiration of the commission of a Justice of the Peace, he cannot do any judicial or ministerial act, as such, unless the power is given to him expressly by statute. That he cannot justify the renewal, or, what would be more correct, the issuing an *alias* or *pluries* execution upon a judgment rendered by him during his political life.

If an injury is sustained in consequence of the mal-administration of a Justice of the Peace, an action against him will well lie.

That if an injury is sustained in consequence of it, an action against him will well lie; and he is also subjected in this case, as well as in every other instance of mal-administration, not to a trial upon indictment in the Judicial Courts, but by impeachment before the Governor and Council. In cases of mal-administration there is a peculiar and manifest propriety in thus leaving the injured citizen to seek his redress in the Courts of Law, and bringing State criminals, as they are styled in the constitution, to trial before this high national tribunal, where the solemnity and publicity of the trial will either publicly purge their official characters from imputed crime, or make their mal-administration known to the citizens at large, and especially to those in whom rests commonly the election to office.

The final clause in the 24th section of the second chapter of the constitution, does not militate against this construction of the constitution and the law; for when it is said, " no trial or impeachment shall be a bar to a prosecution at law," *civil prosecutions* are alone intended.

The Court therefore consider, that an indictment cannot be maintained against a Justice of the Peace for mal-administration, and therefore the indictment must be quashed.*

*State
v.
Campbell.*

*Farrand,* State Attorney.
*Stephen R. Bradley* and *Lott Hall,* for defendant.

---

* *Sed quære.* Can a person be subjected to impeachment for mal-administration in his office on an act done after his commission had expired?.....*Reporter.*